(87 South. 324)

MARTIN v. BARNETT. (3 Div. 459.)

(Supreme Court of Alabama. Jan. 20, 1921.)

1. Infants ☞33—Equity may order infants' property sold to conserve best interests of estates.

Courts of equity have original jurisdiction to order a sale of the property of infants, not only for their maintenance and education, but also for conserving the best interests of their estates and for reinvestment of proceeds to a greater advantage.

2. Trusts ☞193½—Equity may order property sold to conserve best interests of estate.

Equity has original jurisdiction to order property held in trust to be sold for conservation of the best interests of the trust estate and for reinvestment of proceeds to the greater advantage of the cestuis que trust where will provided for distribution of testator's estate to surviving wife and children when the children became of age or married, and directed surviving wife as executrix and trustee to keep the estate together and empowered her to invest money in real estate at her discretion, and where house and lot constituting part of the estate had selling value of substantially $6,500 and rental value of only $480 per year with yearly expenses for taxes, insurance, and repairs of $300 per year, and was not likely to materially increase in value, and where much larger income could be produced by selling house and reinvesting proceeds, equity had jurisdiction, on bill of surviving wife as executrix and trustee, to order the house sold for reinvestment of proceeds.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by Minnie L. Barnett, as executrix and trustee under the will of John M. Barnett, deceased, for the purpose of selling for reinvestment a certain house and lot belonging to the estate. From a decree overruling demurrers to the bill, T. E. Martin, as guardian ad litem, appeals. Affirmed.

The complainant is the surviving widow of the testator, and the respondents are the three minor children of complainant and testator, each under 14 years of age and duly represented by a guardian ad litem. By the terms of the will the estate is to be equally divided between complainant and the several children as they come of age or marry, the apportionment to be made by the complainant, pending which the will directs her to keep the entire estate together and to keep the entire corpus and principal intact, with the power, however, to invest money in real estate at her discretion, making it a part of the estate. The property sought to be sold is a house and lot in Montgomery county, located in a small village which was purchased and used by complainant as executrix as a

home for herself and children. The bill alleges that the location of the property makes it difficult to rent for a good price. Its available rental value being not exceeding $40 per month, and its selling value being substantially $6,500, whereas taxes, insurance, and repairs will amount to about $300 a year; that the property is not likely to materially increase in value, and that its proceeds, if sold, can be made to yield a much larger income by lending it out or making other suitable investments of the entire sum. The guardian ad litem tested the equity of the bill by general as well as by special demurrers.

T. E. Martin, of Montgomery, pro se.

Complainant, as executor and trustee, is not empowered to sell real estate and hold the proceeds as part of the corpus. 127 Ala. 490, 29 South. 176; 67 Miss. 169, 6 South. 840, 19 Am. St. Rep. 266. The will does not confer that power upon the executrix. 48 Cal. 239; 10 Ves. 308; 17 Ves. 454; 1 J. & H. 70; A sale in advance of the division would be unauthorized. 15 Pa. 339; 1 D. & B. 460; 10 Watts, 274; 2 Perry on Trusts, § 746.

Ludlow Elmore, of Montgomery, for appellee.

There is no question of the jurisdiction of equity to authorize the sale and reinvestment, notwithstanding the provisions of the will. 64 Ala. 410, 38 Am. Rep. 13; 46 Ala. 418; 16 Ala. 410; 82 Ala. 490, 1 South. 716; 108 Ala. 652, 18 South. 520; (Ala.) 14 South. 475; 55 Ala. 51; 56 Ala. 114, 28 Am. Rep. 758. The changing of an investment of property during a trust is without relevancy to a distribution of the property, and the injunction to keep the estate together is not infracted by changing the investment. 19 Dec. Dig. § 193½; 47 Cent. Dig. §§ 246, 248.

SOMERVILLE, J. [1, 2] It is the settled doctrine in this state that courts of equity have original jurisdiction to order a sale of the property of infants, not only for their maintenance and education, but also for conserving the best interests of their estates. Goodman v. Winter, 64 Ala. 410, 434, 38 Am. Rep. 13; Rivers v. Durr, 46 Ala. 418; Ex parte Jewett, 16 Ala. 409. The same jurisdiction is exercised with respect to estates in trust, and sales may be ordered in either case for the purpose of reinvesting the proceeds to the greater advantage of the infants or cestuis que trust. Bibb v. Bibb, 204 Ala. 541, 86 South. 376.

Under these decisions, the bill here exhibited contains equity, and invokes the power of the court by appropriate and sufficient allegations.

The demurrer to the bill was properly overruled, and the decree of the circuit court in equity will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and MILLER, JJ., concur.