(115 So. 182)

### BURKE v. CUNNINGHAM et al.
#### (1 Div. 462.)

Supreme Court of Alabama. Jan. 19, 1928.

1. **Vendor and purchaser ⬤═240—General rule is that defense of bona fide purchaser must be set up by way of plea or answer.**

General rule is that defense of bona fide purchaser must be set up by way of plea or answer.

2. **Mortgages ⬤═134—Mortgagor of property which mortgagor inherited, subject to debts due estate, took subject to same infirmity as his interest.**

Where guardian of insane brother, after brother's death, executed mortgage on one-half interest in certain land claimed to have been inherited, and subsequently it was sought to charge realty with debts due by guardian to estate of deceased, *held* that, since mortgagor took title by inheritance, and it was subject to debts due estate by mortgagor, mortgagee took security subject to the same infirmity.

3. **Descent and distribution ⬤═87—Purchasers from heir, in advance of final settlement of estate, are charged with notice that title they take is subject to claims.**

Purchasers from heir, in advance of final settlement of estate of ancestor, are charged with notice that title which they take is subject to claims of creditors and other heirs and distributees of estate.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by S. Walter Cunningham against J. Blocker Thornton, as administrator of the estate of Edward L. Cunningham, deceased, W. P. Burke, and Charles A. Cunningham. From a decree overruling demurrer to the bill, respondent, Burke, appeals. Affirmed.

Gordon, Eddington & Leigh and Edward W. Faith, all of Mobile, for appellant.

Under the statutes, real estate descends as at common law to the heir or next of kin, subject only to the payment of debts, charges against the estate, and the widow's right of dower, and an indefeasible fee simple vests in the heirs eo instanti the death of the ancestor. The heir or devisee may alienate subject only to, and not frustrated by, the statutory powers of the personal representative. 6 R. C. L. 72; Code 1923, § 7365; Calhoun v. Fletcher, 63 Ala. 574; Rucker v. T. Coal, Iron & R. Co., 176 Ala. 456, 58 So. 465; Southern R. Co. v. Hayes, 198 Ala. 601, 73 So. 945; Cruikshank v. Luttrell, 67 Ala. 318; Steele v. Steele, 64 Ala. 438, 38 Am. Rep. 15. There is no statute in this state giving a lien on the interest of a debtor heir in favor of other heirs on lands of the deceased ancestor, and the mere indebtedness of an heir to his ancestor or to his estate does not fasten any lien upon the debtor heir's interest in the lands. Marvin v. Bowlby, 142 Mich. 245, 105 N. W. 751; 4 L. R. A. (N. S.) 189, 113 Am. St. Rep. 574, 7 Ann. Cas. 559; Neel v. Campton, 201 Ky. 1, 255 S. W. 840, 30 A. L. R. 765; Wheeler v. Knox, 136 Ark. 95, 206 S. W. 46. The mortgage in this case was executed January 5, 1926; the decree against Charles A. Cunningham was rendered February 16, 1927. There being no indebtedness at the time of the execution of the mortgage, there was no lien upon the land. Chapman v. Chapman, 32 Ala. 106; Chilton v. Cabiness, 14 Ala. 447; Giles v. Woods, 212 Ala. 522, 105 So. 561; Eiland v. Chandler, 8 Ala. 781; 28 C. J. 1245. Until judgment is rendered, there is no lien, and the purchaser from the debtor heir prior to rendition of judgment against him takes a good title. Russell v. Smith, 115 Iowa, 261, 88 N. W. 361. In the absence of showing that Burke had any knowledge or notice of the alleged claim against defendant Charles A. Cunningham, Burke is an innocent purchaser for value without notice of any secret equity between complainant and Charles A. Cunningham. Thames v. Rembert, 63 Ala. 561; Webb v. Elyton Land Co., 105 Ala. 471, 18 So. 178; Fountain v. Pateman, 189 Ala. 153, 66 So. 75; Letson v. Letson, 17 N. J. Eq. 103; La Foy v. La Foy, 43 N. J. Eq. 206, 10 A. 266, 3 Am. St. Rep. 302; Steele v. Frierson, 85 Tenn. 430, 3

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

S. W. 649. The question of bona fide purchaser may be raised by demurrer. Fountain v. Pateman, supra. A purchaser acquires the right free from all equities of which he had no notice at the time of its acquisition. Bispham's Principles of Equity (5th Ed.) p. 374; 1 Harvard Law Rev. 3, 16; 23 Yale Law Journal, 193, 447; 2 Pomeroy's Eq. 767; Smith v. Perry, 56 Ala. 268; Turner v. Wilkinson, 72 Ala. 367.

Harry T. Smith & Caffey, of Mobile, for appellees.

Any interest an heir at law might inherit from an intestate is taken subject to a prior lien in favor of the other heirs at law, for payment of indebtedness that may be owing by the party claiming the inheritance to the estate. Streety & Co. v. McCurdy, 104 Ala. 493, 16 So. 686; Comer v. Shehee, 129 Ala. 588, 30 So. 95, 87 Am. St. Rep. 78; Stokes v. Stokes, 212 Ala. 190, 101 So. 885. This priority exists not only against creditors, but also against purchasers and mortgagees. Streety v. McCurdy, supra; Oxsheer v. Nave, 90 Tex. 568, 40 S. W. 7, 37 L. R. A. 98; Stanley v. U. S. N. B., 110 Or. 648, 224 P. 835; Lester v. Toole, 20 Ga. App. 381, 93 S. E. 55; 9 R. C. L. 111; 11 R. C. L. 246; Stenson v. Halvorson, 28 N. D. 151, 147 N. W. 800, L. R. A. 1915A, 1179, Ann. Cas. 1916D, 1289; Boyer v. Robinson, 26 Wash. 117, 66 P. 119. An heir who owes the estate more than his share thereof has no title to the estate which he can assign, convey, or mortgage. Authorities, supra.

A purchaser or mortgagee from such an heir takes with notice that the land may be taken from him if necessary to pay debts or in order to equalize distribution among the heirs. Authorities, supra.

SAYRE, J. The circuit court, sitting in equity, overruled appellant's demurrer to appellee's bill of complaint. This appeal followed. The averment of the bill is: That complainant appellee, S. Walter Cunningham, and the defendant Charles A. Cunningham were surviving brothers and sole heirs at law and distributees of Edward L. Cunningham, deceased. That the deceased was a lunatic, and the defendant Charles A. Cunningham had been his guardian. Edward L. died in 1925, and thereafter, in 1927, upon the final settlement of the guardianship in the probate court, decree was rendered in favor of the administrator of his estate against Charles A. for $18,212.69. That in 1926, after the death of Edward L. and before the decree against his guardian, Charles A. had executed a mortgage to appellant, W. P. Burke, upon his one-half interest in certain real estate which the mortgagor claimed to have inherited from his deceased brother, Edward L., and the bill in this cause was filed by appellee S. Walter Cunningham to subject that interest in the real estate to the payment of the balance ascertained by the decree to be due by Charles A. to the estate of the deceased brother. Charles A., it seems, claimed by inheritance only. Appellant's demurrer to the bill took many grounds of objection, or, more accurately speaking, perhaps, appellant's objection to the bill was stated in many different forms. Stated as briefly as may be, appellant's demurrer, conceding that the legal title to the one-half interest in the real estate in question had descended to his mortgagor subject to debts due by the deceased, took the point that the said real estate was not subject to the debt due by his grantor to the estate of his grantor's ancestor; that the debt due by his mortgagor was secured at best by a mere equity in favor of his coheir, appellee, and did not prevent the legal title vesting in the mortgagor; that, so far as the bill goes to show, appellee's equity is a secret equity, since no visible facts are averred to put appellant on notice; that neither the fact that appellant's grantor acquired his title by inheritance nor the fact that appellant's grantor had been guardian of the deceased ancestor sufficed for that purpose; and, in conclusion, that appellant is entitled to protection as a bona fide purchaser.

[1, 2] Pretermitting the question whether appellant's defense by way of demurrer be properly presented in the absence of an averment in the bill of notice in fact that appellant's mortgagor was indebted to the ancestor's estate, because the general rule is that the defense of bona fide purchaser must be set up by way of plea or answer (Hatter v. Quina, 216 Ala. 225, 113 So. 47), the answer to the whole body of the objections taken against appellee's bill is that, under the rule of law heretofore established by this court, appellant's mortgagor took by inheritance a title, subject, not only to debts due by the deceased, but to debts due by the mortgagor to the estate of deceased, and appellant took his security subject to the same infirmity. This court—evidently after most careful consideration—has declared, to quote the first headnote to the case to be cited:

"Where an heir is indebted to his ancestor while living, and continues indebted to his estate after his death, the other heirs of the ancestor have an equitable lien upon the lands of decedent for the debt which said heir owes the estate, which lien is superior in equity to any right the debtor heir, or persons claiming under or through him by operation of law or otherwise, would, but for his indebtedness, have had in the descended lands,"

—and the lien of the administrator—in that case was held to be superior to that of a creditor of the heir with a judgment recovered and recorded before the death of the ancestor. Streety v. McCurdy, 104 Ala. 493, 16 So. 686. And the court in the same case, stating the true meaning and effect of the opinion in Nelson v. Murfee, 69 Ala. 598, and making application thereof to the case then

in hand (Streety v. McCurdy), held this language:

"So that if his debt" (the debt of an heir or distributee to the estate of his ancestor) "is equal to or greater than the value of one share in the distributable estate, including the claim against him, and that claim is not paid by him, he is never entitled to anything from the estate. Of course, a purchaser of his interest, or one holding a judgment, the lien of which would attach to any interest he would have had in the property of the estate but for his indebtedness to it, is in no better plight than he, such purchaser or lienor would acquire nothing because his vendor or judgment debtor had and was entitled to nothing."

[3] Appellant urgently contends that so much of the opinion in Streety v. McCurdy as affects purchasers is dictum, and not to be followed, and, in any event, that it did not undertake to dispose of the rights of purchasers without notice; but our conception of the case is that the whole process of reason upon which it proceeded excludes the idea that notice, actual or constructive, of the equitable claims of coheirs, is of any consequence, because as matter of law purchasers from an heir, in advance of a final settlement of the estate of the ancestor, are charged with notice that the title which they take is subject to the claims of creditors and other heirs and distributees of the estate. In Manifold's Estate, 5 Watts & S. (Pa.) 340, the following language succinctly disposes of every argument advanced in behalf of appellant:

"A purchaser of the real estate would be liable to the same equity in favor of the other distributees; for it would be his duty to inquire into the debts of the deceased, and he must purchase at the risk of discharging all liens arising in favor as well as against the estate,"

—and incumbrancers occupy no better position than purchasers. 1 A. L. R. p. 1033, where cases, American and English, are collated. In other words, recurring to Nelson v. Murfee, as interpreted in Streety v. McCurdy, that case determined that—

"the administrator has a right to subject lands of his intestate to the payment of a debt due by the heir to the estate in priority and preference to the claims of a purchaser from the heir and also, of course, to the lien of a creditor of the heir attaching to the land on the death of the ancestor."

The result is that, until an estate is finally settled, persons dealing with heirs and distributees are bound to know that the sale of the realty may become necessary for the payment of debts or for distribution (such is substantially the language of George, J., in Lester v. Toole, 20 Ga. App. 381, 93 S. E. 55), and hence that in such cases there is no room for an application of the doctrine which is generally invoked for the protection of innocent purchasers. 1 A. L. R. pp. 1031–1034.

That some courts of high authority take a different view is freely conceded, but our cases of Nelson v. Murfee, and Streety v. McCurdy, supra, hold us to the rule we have endeavored to state, and, with all submission, we now state our conviction that the rule of our decisions is necessary to the establishment of equity among heirs and distributees, and is a rule of which purchasers and incumbrancers may justly be required to take notice. Cases to the like effect may be found in 1 A. L. R., ubi supra.

The decree overruling appellant's demurrer to appellee's bill is affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.