(116 So. 530)

**R. G. BRASSELL v. Albert BRASSELL.**

**(3 Div. 832.)**

Supreme Court of Alabama.    April 12, 1928.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Petition of Albert Brassell to probate the will of William R. Brassell, deceased, contested by R. G. Brassell. From a decree admitting the will to probate, contestant appeals. Reversed and remanded.

C. H. Roquemore and J. W. Brassell, both of Montgomery, for appellant.

If there was a scintilla of evidence of unsoundness of mind or undue influence, the case should have been submitted to the jury. The excluding of contestant's evidence and giving of the affirmative charge for proponent was error. Raney v. Raney, 216 Ala. 30, 112 So. 313; Lewis v. Martin, 210 Ala. 401, 98 So. 642; Miller v. Whittington, 202 Ala. 406, 80 So. 499; Cox v. Hale, ante, p. 46, 114 So. 465.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

Proponent was entitled to a directed verdict. Mobile L. & R. Co. v. Portiss, 195 Ala. 320, 70 So. 136; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Latham v. Boyles, 163 Ala. 468, 50 So. 1001; Alexander v. Alexander, 208 Ala. 291, 94 So. 53; Harris v. State, 215 Ala. 56, 109 So. 291; Cummings v. McDonnell, 189 Ala. 102, 66 So. 717.

BOULDIN, J.    The alleged will of William R. Brassell being propounded for probate, a contest was instituted upon the ground of mental incapacity and undue influence.    Upon demand of contestant, the case was transferred to and tried in the circuit court under Code, § 10636. At the conclusion of the evidence offered by contestant, the court, on motion of proponent, excluded all such evidence, and gave the affirmative charge at the request of proponent.

We have carefully considered the evidence. It makes a case for the jury on the issue of undue influence.    Clearly so.

The court erred in granting the motion to exclude, and giving the affirmative charge for proponent.

As the case must be retried before a jury, any discussion of the tendencies of the evidence will be omitted.

The rules of law defining undue influence, the presumptions that obtain under varying conditions, and the evidence admissible, have all been so often and so clearly defined that we merely cite a few of our cases.    Raney v. Raney, 216 Ala. 30, 112 So. 313; Cox v. Hale, ante, p. 46, 114 So. 465; Posey v. Donaldson, 189 Ala. 366, 66 So. 662; Coghill v. Kennedy, 119 Ala. 641, 24 So. 459; Alexander v. Alexander, 214 Ala. 291, 107 So. 835; Howell v. Howell, 210 Ala. 429, 98 So. 630; Lewis v. Martin, 210 Ala. 401, 98 So. 635.    These and other cases cited therein, with the well-known rules

of evidence, will furnish a sufficient guide on another trial.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.