(127 So. 221)

**FIRST NAT. BANK OF ONEONTA et al. v. ROBERTSON.**

**6 Div. 492.**

Supreme Court of Alabama.

March 27, 1930.

James Kay, of Oneonta, for appellee.

J. T. Johnson, of Oneonta, for appellants.

**FOSTER, J.**

As we view this case, it is immaterial whether the minor Mildred May Alma Green, not a child of M. M. Green, was duly adopted by him in order for her to be interested in the lands owned by L. P. M. Green, deceased, a share of which M. M. Green inherited from him. L. P. M. Green died in 1907, leaving to his heirs the land involved, with no will so far as the purposes of this case are concerned. All his personalty has been set apart to the widow as exempt. She is still living. M. M. Green was one of ten children, heirs of L. P. M. Green, and survived his father by over twenty years. From this situation, M. M. Green inherited, as such heir, an undivided one-tenth interest in the land, subject to the widow's rights. Immediately on the death of his father, it became, to that extent, his own, and a part of his real property, but subject to an administration of the estate of L. P. M. Green. It was none the less his property, though undivided and not administered. It was then, upon the death of his father, capable of sale or other disposition by him, so that his successors in title could acquire such interest as he possessed. 18 C. J. 894; Dent v. Foy, 206 Ala. 454, 90 So. 317; Lester v. Stroud, 212 Ala. 635, 103 So. 692; Burke v. Cunningham, 217 Ala. 188, 115 So. 182.

M. M. Green left a will which was duly probated, by which he bequeathed to his wife for her natural life all of his property, real and personal, and at her death he provided that said property or the proceeds thereof "shall descend in fee simple to my adopted daughter, Alma Green." The meaning here is clear. It shows the intent of testator, and there is no contention that "Alma Green" here mentioned does not refer to the minor Mildred May Alma. It seems to be the idea of

counsel for both parties that, in order for the minor to have an interest in the lands, she must have been capable of inheriting from M. M. Green, and to have inherited from L. P. M. Green; and to that end that proper adoption proceedings were necessary, or that the court of chancery decree specific performance of an agreement effective for that purpose. But, as we view the facts disclosed, this idea loses sight of the fact that this minor can only take by virtue of the will of M. M. Green; he having made a will disposing of all his property. In so taking under the will, the minor need not occupy a place as an heir of L. P. M. Green, though it were possible to do so by authority of a lawful adoption by M. M. Green. Russell v. Russell, 84 Ala. 48, 3 So. 900. If the former had died after the death of M. M. Green, then it would be necessary for the minor to occupy the place of an heir of the estate of L. P. M. Green, in order to share in his estate; there being no will disposing of his property. The same conclusions have equal application to the widow of M. M. Green. The question here, however, is whether the widow and minor acquired, in a legal manner, an interest in the lands of M. M. Green, who before his death had inherited from his father the rights here involved. The will of M. M. Green confers upon the widow and this minor, each separately, such an interest. It appears that the widow who took a life estate is a non compos mentis, and that J. O. Robertson is the guardian both of her estate and that of the minor.

The decree of the court was that the minor was duly adopted by M. M. Green, and thereby became entitled to inherit his estate including the one-tenth distributive share in the estate of L. P. M. Green. The decree does not adjudge a life interest to the widow under the will.

We cannot agree with the court in this conclusion. Our judgment is that the will of M. M. Green controls the rights of his widow and of the minor Mildred May Alma Green, and that the adoption proceedings do not affect the question, whether they are sufficient or not. Russell v. Russell, supra.

This minor is a ward of the chancery court, as it has taken jurisdiction of an estate in which she is a party. Any matter affecting a minor may become the subject of chancery jurisdiction, and it is immaterial whether that jurisdiction is invoked by bill, petition, or other pleading. Allison v. Cox, 218 Ala. 548, 119 So. 675; Martin v. Barnett, 205 Ala. 220, 87 So. 324; McCreary v. Billing, 176 Ala. 314, 58 So. 311, Ann. Cas. 1915A, 561; Proctor v. Scharpff, 80 Ala. 227.

The same is true as to non compos mentis. McCalley v. Finney, 198 Ala. 462, 466, 73 So. 639; Austin v. Bean, 101 Ala. 133, 16 So. 41.

It is the duty of such court to see that their rights are properly asserted and protected. If necessary it will direct the guardian in respect to the proper pleading to protect their rights. Austin v. Bean, supra.

The guardian of the widow, non compos mentis, and the same person, guardian for the minor, in an amended answer and cross-bill, set up the existence and contents of the will of M. M. Green, which fixed the rights of the widow and minor in the property of the testator. The guardian seemed to have misconceived the effect of this will, and to have concluded that the minor must have a legal adoption by M. M. Green to share in land which the latter had inherited before his death from L. P. M. Green, and that the widow of M. M. Green did not share at all. He sought affirmative relief by way of specific performance of a contract to adopt. Regardless of the sufficiency of such cross-bill and the right to relief under it, as both the widow and minor are wards of the court, and the answer of their guardian set out the facts which disclosed their rights, and the evidence proved them without contradiction, the court will decree to them such relief as those facts justify. We have shown that if the pleadings had not sufficiently set up the facts, the court would direct the guardian to do so in a proper manner. But as such answer of the guardian is sufficient for the purpose, the court will decree for the widow, non compos mentis, and the minor, the rights and interests to which they are respectively entitled.

The circuit court also decreed that certain advancements be deducted from the distributive shares of certain heirs. Appellant contends that the evidence shows that the advancements were in land and should be deducted from their share in the proceeds of the sale of the land. Section 7380, Code, so provides. It appears that the personalty was all set aside to the widow as exempt, and that the estate has no personal property for distribution. Under section 7380, Code, therefore, the advancements, whether in land or money, should be deducted from their respective shares in the proceeds of the sale of the land.

Appellees argue that the evidence shows that L. P. M. Green left a will and was therefore not intestate, and that the advancements are not chargeable. But the alleged will has never been probated, and it is not in the evidence. Under such circumstances, we are authorized to presume (if the will could now be probated after these twenty years from the death of L. P. M. Green) that it is of such character as not to forbid the court to charge the advancements to those heirs who had received them, Coleman v. Smith, 55 Ala. 368, and as the will has not been probated, the estate should be treated as though deceased were intestate.

Our conclusion is therefore that the decree of the circuit court should be so modified as

to adjudge and decree that the share in the estate of L. P. M. Green which was inherited by M. M. Green was a part of the estate of the latter, and was disposed of by his will, and that under it Ellen Green, his widow, acquired a life estate, and Mildred May Alma Green acquired the remainder upon the death of the widow, according to the terms of the will. It is also ordered that the advancements adjudged in the decree of the circuit court be charged as such against them respectively as heirs in making division of the proceeds of the sale of the land.

The costs of this appeal are taxed against the administrator of the estate of L. P. M. Green as a charge against the estate.

As so modified, the decree of the circuit court is affirmed.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.