178 So. 1

### Ex parte CABANISS.

8 Div. 837.

Supreme Court of Alabama.

Nov. 18, 1937.

Rehearing Denied Jan. 13, 1938.

182

Foster & Hagan, of Scottsboro, for respondent.

Proctor & Snodgrass, of Scottsboro, for petitioner.

BOULDIN, Justice.

Petition for common-law certiorari to review and vacate proceedings in circuit court of Jackson county, in equity, for alleged want of jurisdiction.

The petition discloses that Paralee Cabaniss was duly appointed and qualified as guardian of the estate of her son, Louis Cabaniss, a minor; that a petition was filed in the probate court by "Lettie Adams, as the next friend of Louis Cabaniss, a minor," praying for a removal of the guardian on grounds therein stated; that, at this stage, the guardianship and administration thereof were removed to the circuit court, in equity, by decree of that court.

Thereupon the guardian filed a demurrer to the petition for removal. One ground of demurrer was this: "1. The petition is filed in the name of the next friend of the minor, rather than in his own name, by his next friend, contrary to the provisions of Section 8227 of the Code."

The demurrer was overruled. Thereupon the guardian filed her petition for certiorari in this court.

The theory of the petitioner in the present proceedings is that the petition for removal should have been by "Louis Cabaniss, a minor, suing by next friend, Lettie Adams"; that a petition by "Lettie Adams, as next friend of Louis Cabaniss, a minor," is the suit of Lettie Adams, without litigable interest, as sole party plaintiff; that the minor is not a party; that a decree would not be binding on him, and the court is therefore without jurisdiction.

It is further insisted no amendment could be had making the minor a party, because this would work an entire change of parties; that, the court being without jurisdiction for want of a party plaintiff, the remedy is by certiorari.

In all ordinary suits brought on behalf of a minor, these several contentions are supported by the decisions of this court.

■ That a complaint or bill in equity, wherein the plaintiff is styled as in this petition for removal, is a suit by Lettie Adams, as sole plaintiff, that the minor is not a party, and that, as next friend, she has no standing as a party plaintiff, but is merely a species of attorney, permitted to act for the infant in the conduct of the suit, and no amendment can be made because of complete change of parties is fully supported by Fowlkes v. Memphis & Charleston Ry. Co., 38 Ala. 310, followed by Dougherty v. Powe, 127 Ala. 577, 581, 30 So. 524, and conceded in Ex Parte Kelen, 223 Ala. 87, 134 So. 856, where such case, as touching amendments, is differentiated from suits by a guardian on behalf of the ward. See, also, Upshaw v. Eubank, 227 Ala. 653, 151 So. 837; H. H. Montgomery, Sup't of Banks v. Duffey, 226 Ala. 26, 145 So. 420.

■ Since no appeal lies from a decree on demurrer to a petition in equity for the removal of a guardian, because not within the class of interlocutory decrees appealable under Code, 6079, certiorari is the proper remedy to test the question of jurisdiction in the premises. Devane v. Smith, 216 Ala. 177, 112 So. 837.

This brings us to consider the nature of the jurisdiction of a court of equity touching the removal of guardians of the estates of minors whose administration is pending in such court.

Section 8227 of the Code, under which the petition for removal was filed in the probate court, evidently contemplates a proceeding in the name of the ward, by the person named as next friend. See section 8229. But this statutory method is not the only one authorized by law in the probate court.

Under section 8230 the court may proceed, of his own notion, on any information at hand, without an application, giving notice and hearing to the guardian, and appointing a guardian ad litem to represent and protect the interest of the minor on such hearing. This statute vests in the probate court jurisdiction quite analogous to that inherent in the chancery court.

■ The power and duty of a court of equity in the matter of the removal of a guardian of the estate of a minor grows out of two equitable principles.

In the supervision and administration of trust estates brought within its jurisdiction, the court, as incident to such jurisdiction, has authority to direct, or to remove trustees, as occasion demands.

When such estate is the property of an infant, he becomes the ward of the court, and the safeguarding of his estate becomes an inherent function and duty of the court of chancery.

■ For these reasons, the court has the inherent power to remove a guardian, proceeding according to its own practices, always giving notice and opportunity for a hearing. Lee v. Lee, 55 Ala. 590; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; First Nat'l Bank of Oneonta v. Robertson, 220 Ala. 654, 127 So. 221; Ward v. Jossen, 218 Ala. 530, 119 So. 220.

In the exercise of this inherent jurisdiction, the court may look to any matter bringing to his attention facts tending to show such misfeasance or malfeasance as to demand the removal of the guardian as a means of protecting the ward's estate.

■ The petition challenged by demurrer, for reasons heretofore discussed, could not avail to invoke the jurisdiction of the court in an adversary proceeding between the guardian and ward, represented by next friend. If the next friend wishes to institute a proceeding of the kind, a new petition in due form should be presented. But no action, so far as appears, had been taken by the court on the assumption that this petition invoked his jurisdiction.

For aught that appears, the court declined to strike the petition on demurrer, that he

might, of his own motion, institute removal proceedings on the sworn information therein contained.

The demurrer, and the certiorari here prayed, challenge the jurisdiction of the court, else nothing could come of the certiorari sought.

The jurisdiction to issue "citation," and have a hearing, exists wholly apart from the petition. Hence there is no occasion ·for certiorari.

· What we have written will be a sufficient guide to the court and the parties.

Certiorari denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.