J. T. Johnson and H. T. Busby, both of Oneonta, for appellant.

188 So. 681

### BAKER v. BAIN.

### 6 Div. 419.

Supreme Court of Alabama.

Jan. 12, 1939.

Rehearing Denied April 27, 1939.

P. A. Nash, of Oneonta, for appellee.

THOMAS, Justice.

The question presented on this appeal was the granting of the motion of appellee to strike contest challenging the validity of a codicil to the last will and testament of Samuel M. Hendricks, deceased, and in the probating of the will and codicil thereto.

It is provided by statute, that: "Upon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made, and must certify all papers and documents pertaining to the contest to the clerk of the circuit court, and the cause shall be docketed by the clerk of the circuit court and a special session of said court shall be called for the trial thereof. The issues must be made up in the circuit court as if the trial were to be had in the probate court, and the trial had in all other respects as trials in other civil cases in the circuit court. An appeal to the supreme court may be taken from the judgment of the circuit court on such contest within thirty days after the rendition of such judgment." Code of 1923, § 10636.

The sixth assignment of error is: "The Probate Court committed reversible error in refusing to transfer the contest of this case to the Circuit Court on the demand in writing of appellant's contest filed in this case as provided by Sec. 10636 of the Code of 1923."

The facts present a construction of this statute.

Samuel M. Hendricks executed a will on the 6th day of August, 1938, and named therein as beneficiaries Romania Baker, the appellant in this case, together with Lila Bussey and others. The testator then executed a codicil to his last will on the 7th day of September, 1938; and died on the following day.

In the original will the said testator designated Joseph J. Bain as executor thereof, who, on September 14, 1938, filed his petition in the probate court seeking to have the last will and testament, together with the codicil thereto attached, probated.

On October 8, 1938, within the time allowed for pleading to the petition of said executor, the said Lila Bussey, one of the beneficiaries named in the said first will, filed her contest of the will, demanding a trial by jury in the probate court of the county in which the will and codicil were sought to be probated.

The court fixed the day for the hearing of contest for October 20, 1938. On said date, before any testimony was taken or any witnesses examined with reference to the probating of said will, the said Lila Bussey filed her written motion dismissing her said contest. The court granted her motion and dismissed her contest of the codicil of said will. The decree of the court dismissing said contest of Lila Bussey is in the following language: "And thereupon it is ordered that said motion of the said Lila Bussey be and is granted and her contest dismissed." The decree is dated October 2, 1938.

On the same day, before the court entered its decree dismissing the contest of Lila Bussey, and before the examination of any witnesses and before the taking of any testimony with reference to the probating of said will, the appellant Romania Baker filed a contest to the said codicil of the last will and testament of said testator.

It is insisted that the contest of the said codicil filed by Romania Baker, appellant, was the initial pleading filed by her. She demanded in writing that the case be transferred to the circuit court of that county for trial and demanded a trial by jury of her contest. It is further insisted by appellant that this action by the contestant was in accordance with and as provided by Section 10636 of the Code of Alabama of 1923.

Appellee filed motion to strike said contest of appellant on separate grounds, viz.:

"Because the petition of Joseph J. Bain for the probation of said will of the said Samuel M. Hendricks was filed in this Court on the 14th day of September, 1938, and on said date the Court made an order fixing the date for the hearing of said petition on the 8th day of October, 1938, of which order notice was served upon

Romania Baker, and contestant; and that on the 8th day of October, 1938, Lila Bussey, one of the devisees mentioned in said will, appeared and filed an [a] contest of the codicil to said will, and upon the filing of which the Court made an order and formed the issues to be tried, as provided by law, by a jury of this Court on this date, of which contest the said Romania Baker, the contestant, had knowledge before the filing of the contest here sought to be stricken; and that the grounds of contest assigned by the said Romania Baker is (are) the same as set forth in the contest of the said Lila Bussey, and that the said contest of the said Lila Bussey is now pending in this Court. Movant refers to the said petition for probate and the order thereon, the contest filed by the said Lila Bussey and the order thereon, and the notices served upon Romania Baker of the probation of said will, and makes the same a part of this motion.

"2. Because the said contest was filed too late in this Court.

"3. Because this Court has no jurisdiction to file said contest at this date.

"4. Because there is a collusion between the said Lila Bussey and the said Romania Baker in an attempt to have the said cause transferred to the Circuit Court, in Equity, in the name of the said Romania Baker, as the contestant, after the said Lila Bussey had failed to demand a transfer of the said cause to the Circuit Court, in Equity, on the filing of her contest in the Probate Court."

The court granted said motion of appellee and dismissed the contest of appellant, refusing to transfer the case to the circuit court on the grounds that the petition was not within the provisions of Section 10636 of the Code.

The facts may be thus concretely stated: That before the examination of any witnesses whose testimony would establish the will, subsequent to the order of dismissal of the contest of Lila Bussey and while there was no contest then pending in said court, testing the validity of said last will and codicil, Romania Baker, the appellant, moved the court to refile her said contest which had been stricken by the court over objections, and that motion was overruled and appellant's motion to refile said contest denied. The relevant part of the decree is as follows: "On consideration of the Court, it is adjudged and ordered by the Court that the said motion to refile the contest of Romania Baker is hereby denied, to which ruling of the Court Romania Baker, by her attorney, duly excepts."

These actions of the court, in striking appellant's contest, and in overruling appellant's motion to refile her contest before any testimony was taken, it is insisted, was in denial of the right of appellant to have the contest of the codicil to the said will of the testator transferred to the circuit court and tried by a jury, within the provisions of the statute.

██ A will, or codicil thereto attached, may be contested by any person interested therein before the probate thereof by filing contest as provided by law. Code of 1923, § 10625. And appellant, Romania Baker, is a person interested in the will filed for probate in this case, she has the right to contest the same or to contest the codicil thereto attached as one of the beneficiaries named in the will filed for probate, if she acts within the provisions of Section 10625 of the Code of 1923. Allen v. Pugh, 206 Ala. 10, 89 So. 470; Brassell v. Brassell, 217 Ala. 444, 116 So. 530.

██ The right to contest a will, under § 10625 of the Code, by any person interested, and the right of transfer from the probate court to the circuit court by any party to the contest, under § 10636 of the Code, is different. The latter is dependent on the demand of any party to the contest, made in writing at the time of filing the initial pleading.

Here the initial pleading by one contestant was not accompanied by such a request for transfer. Such request in writing was duly made by the second contestant. It was the initial pleading by that contestant and within the terms of the statute. Hence the probate court did commit reversible error in refusing to transfer the contest to the circuit court.

The decree of the probate court is, therefore, reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN, and KNIGHT, JJ., concur.

BROWN, Justice (concurring).

The holding that one named as beneficiary in a will, without regard to other interest, may contest the will, is in conflict with the interpretation of the statute, Code 1923, § 10625, in Braasch et al. v. Worthington, 191 Ala. 210, 67 So. 1003, Ann.Cas.

1917C, 903, and Allen v. Pugh, 206 Ala. 10, 89 So. 470.

The statute since its interpretation in the case first cited has been readopted in the Code of 1923, without change, and is a legislative confirmation of such interpretation. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831.

It appears from the petition to probate the will, however that Romania Baker was next of kin and entitled to take as heir at law, and is within the holding in Braasch et al. v. Worthington, supra. I therefore limit my concurrence to the result.

On Rehearing.

THOMAS, Justice.

The petition for probate and the attempt to contest were in the Probate Court under Sections 10625–10636 and not under Section 10637, Code. In each of these sections the right of contest is given to "any person interested," etc.

In the recent decision of Leedy v. Taylor, Clerk of House of Representatives, et al., 231 Ala. 317, 164 So. 820, 822, these statutes were considered. The court said in that case: "In our case of Allen v. Pugh, 206 Ala. 10, [11], 89 So. 470, this court was dealing with a right to contest a will in equity, bestowed upon 'any person interested in any will.' Section 10637 (6207), Code. That was held to mean only those who had a direct legal or equitable interest in the estate which would be injuriously affected by the establishment of the will. Braasch v. Worthington, 191 Ala. 210, 67 So. 1003, Ann.Cas.1917C, 903. But in Allen v. Pugh, supra, it was held that this right was personal and not that of a property interest; and that complainant must be of that personal description at the time the will was admitted to probate. And since an administrator of one who had that personal right when the will was probated, but later died, did not in his representative capacity have it at that time, he, as such, was not in the class on whom the right was conferred. Otherwise expressed, the statute created a class of individuals who could thus contest. The right was personal to each such individual, though the basis of his membership in this class was his status in respect to property rights." [Parenthesis supplied.]

The statute is construed in the decision of Allen v. Pugh, 206 Ala. 10, 89 So. 470, 471, where the court said:

"The settled construction of the phrase 'any person interested therein' is that it embraces any person who has an interest in the estate disposed of, which would be conserved by defeating the probate of the will, or jeopardized or impaired by its establishment. Montgomery v. Foster, 91 Ala. 613, 8 So. 349; Elmore v. Stevens, 174 Ala. 228, 57 So. 457; Stephens v. Richardson, 189 Ala. 360, 66 So. 497. As stated in the later case of Braasch v. Worthington, 191 Ala. 210, 213, 67 So. 1003, 1004, Ann.Cas.1917C, 903:

" 'A contestant of a will must have some direct legal or equitable interest in the decedent's estate, in privity with him, whether as heir, purchaser, *or beneficiary under another will,* which would be destroyed or injuriously affected by the establishment of the contested will.'

"Meredith Pugh, the father of this complaining contestant, since he was an heir at law of the testator, and would have been a distributee of his estate in case of intestacy, was unquestionably a competent contestant of the will in the probate court." [Italics supplied.]

In the instant case the nephews and nieces of the testator were parties within the class. Moreover they were beneficiaries under the will and were injuriously affected by the subsequent testamentary instrument sought to be contested. This is shown by the petition for probate, as follows: "Petitioner further represents that Willie Clyde Hendricks is the widow of the said Samuel M. Hendricks deceased, and resides at Rt. 3, Oneonta, Ala., and that the said widow is over twenty-one years of age, and that the names, ages and condition of *the next of kin* are as follows, viz.: No father or Mother, and no Brother or Sister, but left the following nephews and nieces, viz: *Lila Bussey, Romania Baker,* Ollie Mead, Joe Latta, Mose Latta, Jim Latta and Marshall McAbee, each over 21 years of age, of sound mind, and whose residence is unknown and cannot be ascertained by reasonable diligence; and Greenwess McAbee and Adrin McAbee, each over 21 years of age, of sound mind, and nonresidents of the State of Alabama, Greenwess McAbee resides in Kansas City, Mo., and particular address unknown, and Adrin McAbee resides in Texas, and particular address unknown, and cannot be ascertained by reasonable diligence." [Italics supplied.]

We are of the opinion that they came within the class defined by our de-

cisions as "parties at interest" and that they have the right of contest under either of the foregoing statutes. The instant parties are interested in the estate of decedent and as beneficiaries under another testamentary instrument are injuriously affected by the subsequent instrument sought to be contested by Romania Baker, indicated as a codicil in the pleading.

All the parties to this appeal have treated the question herein discussed as properly presented on their appeal from the final judgment rendered, and no question has been raised as to any matter of the bill of exceptions or otherwise. We have likewise treated the case and determined the matters of merit involved. New York Life Ins. Co. v. Mason, 236 Ala. 44, 180 So. 775.

Application for rehearing overruled.

ANDERSON, C. J., and GARDNER, BOULDIN, FOSTER, and KNIGHT, JJ., concur.

BROWN, Justice (dissenting on rehearing).

The case was placed upon the rehearing docket by the writer, who concurred in the opinion, after time for rehearing had expired. This action was not without precedent.

See Hendley et al. v. First National Bank of Huntsville, 235 Ala. 664, 180 So. 667; Id., 234 Ala. 535, 176 So. 348.

The reason for this course was that the writer was, and still is, of opinion that the holding of said original opinion that one named as beneficiary in a will filed for probate has a right as a person interested to contest such will or attached codicil pursuant to Code 1923, § 10625, was in direct conflict with the interpretation of the statute in Braasch et al. v. Worthington et al., 191 Ala. 210, 67 So. 1003, Ann.Cas.1917C, 903, reaffirmed in Allen et al. v. Pugh, 206 Ala. 10, 89 So. 470, to the effect that the right given by said statute, then § 6196 of the Code of 1907, was only to such as have a direct legal interest in the estate which will be injuriously affected by the establishment of the will. See Braasch et al. v. Worthington et al., supra.

On further examination of the record I find that this question was not raised on the trial nor passed upon by the Probate Court, and is therefore not raised on the record.

The record shows the following proceedings in the Probate Court: The appellee, Joseph J. Bain, named in the last will of Samuel M. Hendricks as the executor thereof, on the 14th of September, 1938, filed in said court a petition to probate the will in due form. On the same day the court entered an order fixing the 8th day of October, 1938, for hearing said petition, and ordered notices to issue to the widow and next of kin named in the petition as heirs at law, and said notices were duly given.

On the day set for hearing Lila Bussey, named as one of the next of kin, appeared; and, alleging that she was a person named in the will, filed a declaration of contest embodying six pleas, and setting forth in said several pleas facts in bar of the probate of the codicil to said will, and demanded a trial by jury. The court ordered the pleas filed, fixed another day for hearing and ordered a jury summoned.

On the day fixed for trial the appellant, Romania Baker, not joining in the pending contest, filed a separate declaration of contest embodying the same pleas as interposed by Lila Bussey, demanding that the contest be transferred to the Circuit Court for trial. The court on written motion of the proponent struck the separate contest of Baker from the file.

Thereafter Bussey withdrew her contest, and Baker verbally requested permission to refile her pleas, and the court denied permission to Baker to refile her said pleas.

The appeal, or rather attempted appeal, is on the record without a bill of exceptions and, to quote from the statement of appeal, is "from said order dismissing her contest, and also from the order of the Court refusing to allow her to refile her contest after the contest of the said Lila Bussey had been dismissed and before any testimony was taken in the case."

Conceding the efficacy of the appeal to review the ruling of the court granting appellee's motion made in writing, to strike appellant's grounds of contest, which are but pleas in bar to the petition to probate the codicil to the will [Coghill v. Kennedy, 119 Ala. 641, 24 So. 459], the ruling of the Probate Court was supported by the holding in Allen et al. v. Pugh, supra, and was free from error.

In the case last cited, it was observed: "Where one person has filed a contest, others so entitled must become contestants, if at all, by making themselves parties to the *contest pending*, since the issue is in rem, and must be single and complete as to all the parties. Rainey v. Ridgway, 148 Ala. 524, 41 So. 632." [Italics supplied.]

The declination by the court to permit the refiling of the grounds of contest is not within the influence of § 9459, and is not reviewable on the record without a bill of exceptions. Huntsville Knitting Mills v. Butner, 200 Ala. 288, 76 So. 54.

I am of opinion, however, that the orders appealed from will not support the appeal. As before stated, the grounds of contest are but pleas in bar to the petition to probate, and it requires no authority to support the conclusion that the striking of a plea is not a final judgment which will support an appeal. The question is jurisdictional. Bell v. King, 210 Ala. 557, 98 So. 796; State ex rel. Garrow et al. v. Grayson, Judge, 220 Ala. 12, 123 So. 573; Osborn v. Robertson Tire & Auto Co., 15 Ala.App. 358, 73 So. 229.

After appellant's pleas were stricken she had the right to join in the pending contest.

I am of opinion that the rehearing should be granted, and the appeal dismissed.