49 So.2d 665

**BINFORD v. PENNEY.**
6 Div. 31.

Supreme Court of Alabama.
Nov. 24, 1950.

Rehearing Denied Jan. 11, 1951.

Wm. S. Pritchard, Victor H. Smith and Pritchard & McCall, all of Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellee.

**STAKELY, Justice.**

This case deals with a situation where removal of a coexecutor is sought on the ground in effect that after his appointment he filed a bill in his individual capacity to contest the second codicil of the will. The case comes to this court on appeal by Caryl Penney Binford, a devisee and legatee under the will of J. E. Penney, deceased, from the order of the equity court sustaining demurrers to and dismissing a petition filed by her in that court seeking to remove Paul M. Penney (appellee) as the coexecutor of the will of J. E. Penney, deceased.

J. E. Penney died testate on May 17, 1948, leaving a substantial estate consisting of both lands and personal property. The will consisted of an original will dated May 7, 1944, first codicil dated October 24, 1945 and a second codicil dated April 29, 1946. On petition of Birmingham Trust National Bank (formerly Birmingham Trust and Savings Company), the will and the codicils thereto were probated in the Probate Court of Jefferson County on May 15, 1948. On separate petitions thereafter filed in the probate court letters testamentary were issued by that court to Paul M. Penney and to Birmingham Trust National Bank, who were named as executors in the will. The administration of the estate was removed to the circuit court in equity on the petition of Caryl Penney Binford on June 15, 1948. After the removal to the circuit court in equity Paul M. Penney and the Birmingham Trust National Bank filed a petition showing the probate of the will in the probate court and filing of petitions in that court by Paul M. Penney and the Birmingham Trust National Bank for letters testamentary, the grant of letters testamentary by the probate court to Paul M. Penney and to the Birmingham Trust National Bank and the removal of the administration to the circuit court in equity. The petition prayed for the issuance of letters testamentary to Paul M. Penney and to the Birmingham Trust National Bank by the circuit court and the approval or confirmation of the previous action of the probate court in issuing such letters.

On July 8, 1948 the Circuit Court of Jefferson County, in Equity, rendered an order on the petition ratifying and approving the issuance of such letters to the aforesaid parties by the probate court and again ordering letters testamentary to be issued to Paul M. Penney and the Birmingham Trust National Bank on the will of J. E. Penney, deceased.

On December 15, 1948 Paul M. Penney, while serving as one of the coexecutors of the will of J. E. Penney, deceased, filed a proceeding in the circuit court in equity to contest the will of J. E. Penney, deceased, in which he specifically contested the validity of the second codicil of the will and sought to have the second codicil set aside. Under the will Paul M. Penney, while serving as executor, was allowed the same rights, powers and duties as granted the trustees under the will, who are also the said Paul M. Penney and the Birmingham Trust National Bank. It was provided that his compensation as joint trustee should be 3% of the gross collection income and if he (Paul M. Penney) handled the renting of and collection of rents from the trust property or any of it, he should receive the usual rental agent's commission.

The original will, after making specific bequests, left the testator's property to the Birmingham Trust National Bank and to Paul M. Penney, as trustees, to distribute

the income each month to the following persons and in the following shares. Paul M. Penney 4/7th, Mrs. Caryl Penney Binford 1/7th, Mrs. Binford's daughter 1/7th and Mrs. Binford's son 1/7th. The net income in the above proportions was under the will to be paid to the persons above named for a period of 30 years after which the corpus would be distributed in the shares above indicated. The first codicil made no change in that respect (only specific bequests were changed). The second codicil, the only instrument under attack, purports to make a change only in the share of the net income to be distributed to the beneficiaries (who are the same in any event) during the existence of the trust and in the share of the residuary beneficiaries of the trust, decreasing in each instance the share of Paul M. Penney to 1/2 from 4/7th and increasing the shares of each of the other residuary legatees to 1/6th from 1/7th. No change was made in the terms of the trust or in the personnel or character of the executors or trustees.

On February 3, 1948 Caryl Penney Binford filed her petition as aforesaid in the equity court for the removal of Paul M. Penney as executor. The petition for removal charged that Paul M. Penney should be removed and disqualified from further serving as coexecutor of the will for reasons which may be summarized as follows. By filing the contest Paul M. Penney seeks to increase his interest in the estate and puts unnecessary expense on the estate. As a result he is an unsuitable person to have charge and control of the estate his interest being adverse to his duties as executor. It is further claimed that in his capacity as coexecutor of the will he is duty bound to defend and uphold all the provisions of the will under which he obtained his appointment as coexecutor.

The court sustained the demurrer of Paul M. Penney to the aforesaid petition and dismissed the same as being without equity. On September 6, 1949 the court modified or amended the decree on its own motion by adding a provision taxing the costs incident to the petition against Caryl Penney Binford and authorizing the issuance of execution for the collection thereof. This appeal is prosecuted from the decree as modified.

The contest of the codicil is based on the alleged unsoundness of mind of the testator at the time of the execution of the second codicil. It is filed under the provisions of § 64, Title 61, Code of 1940, which provides for contests by a bill in equity within six months after the admission of the will to probate.

We think it well to set out the statutes which appear to be pertinent. These statutes are designated as §§ 69, 178 and 165, Title 61, Code of 1940. These sections of the code are as follows:

"§ 69. No person must be deemed a fit person to serve as executor who is under the age of twenty-one years, or who has been convicted of an infamous crime, or who, from intemperance, improvidence, or want of understanding is incompetent to discharge the duties of the trust. Nor shall any non-resident of the state be appointed as administrator except he be at the time executor or administrator of the same estate in some other state or territory or jurisdiction, duly qualified under the laws of that jurisdiction."

"§ 178. An administrator may be removed, and his letters revoked for his removal from the state; and an administrator or executor may be removed and his letters revoked for any of the following causes:

"Imbecility of mind; intemperance; continued sickness, rendering him incapable of the discharge of his duties; or when from his conduct or character there is reason to believe that he is not a suitable person to have the charge and control of the estate.

"Failure to make and return inventories or accounts of sale; failure to make settlements as required by law; or the failure to do any act as such executor or administrator, when lawfully required by the judge of probate.

"The wasting, embezzlement, or any other maladministration of the estate.

"The using of any of the funds of the estate for his own benefit.

"A sentence of imprisonment in the penitentiary, county jail or for hard labor for the county for a term of twelve months or more."

"§ 165. When, in any proceeding in the probate or circuit court, or other court having equity jurisdiction, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case, or shall be made known to the court by the affidavit of any person interested therein."

██ It is, of course, settled that a beneficiary has the right to contest a will under § 64, Title 61, Code of 1940. Bromberg v. Bates, 98 Ala. 621, 13 So. 557. But what is the situation where the beneficiary is also an executor? Does the filing of a contest by a beneficiary who is an executor constitute a ground for removal as executor? Our cases hold that the power of the probate court to remove an executor does not extend beyond the ground set forth in the statute. Castleberry v. Hollingsworth, 215 Ala. 445, 111 So. 35; Randle v. Carter, 62 Ala. 95; Marcus v. McKee, 227 Ala. 577, 151 So. 456. In Castleberry v. Hollingsworth, supra, it was pointed out that the words in section 178, supra, "when from his conduct or character there is reason to believe that he is not a suitable person" does not embrace a situation when the executor has a conflict of interest or adverse claim. This court in Castleberry v. Hollingsworth stressed the statute which is now § 165, Title 61, Code of 1940, which provides for an administrator ad litem when the executor or administrator is adversely interested showing that under the Alabama statute an executor or administrator is not deprived of his right to avail himself of any claim that he may have against the estate.

██ There is nothing in the petition which can be considered as an allegation of fraud, bad faith or maladministration. We do not consider that it is sound to charge the executor with bad faith or the commission of waste merely because without subterfuge or deceit he asserts as the beneficiary of the estate the right to contest the codicil. We think that he should no more be criticized in such case than if he chose to litigate in good faith a claim to ownership of property of the estate or a claim to a lien upon property of the estate or a claim as a creditor of the estate. We think he has a right without running counter to the policy of our statutes and decisions fairly to assert such adverse claim without subjecting himself to removal as executor or administrator although necessary litigation in that regard may result in expense. The right to assert a claim to share in the distribution of the assets of the estate as a beneficiary presents an analogous situation if the assertion is made and the claim prosecuted in good faith, even though if the claim is well founded the shares of other beneficiaries might be decreased. Furthermore if in any such case the executor or administrator is unsuccessful, he may be held accountable for costs and expenses without having his letters revoked and his office of trust vacated. So we conclude that under no aspect of the case would the probate court have the right to removal where it is restricted to grounds of removal specified in the statute.

██ But the petition for removal is in the equity court and it is urged that the equity court has powers in this respect beyond the powers conferred by statute on the probate court. It is, of course, true that a petition for removal may be instituted in the equity court. Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582. While this court does not appear to have passed on the question now under discussion, in Randle v. Carter, supra, it was said that "the court of chancery can protect its suitors against the delinquency of executors or administrators, in nearly every possible case, without resorting to the extreme measure of removal, which can be justified only when

actual fraud, or some of the distinct grounds of removal in the Court of Probate are shown to exist." As pointed out above, there is no allegation in the present petition of fraud or bad faith, the real basis for the petition being the institution of the contest of the codicil. But it is very earnestly insisted that Paul M. Penney should uphold every provision of the will under which he obtained appointment as executor and that if he should act otherwise, he would act contrary to all equitable principles.

It is well first to note in this connection that a legatee has the right either before probate under § 52, Title 61, Code of 1940 or after probate under § 64, Title 61, Code of 1940, to contest a codicil to a will where the codicil injuriously affects his status under the original instrument. Curry v. Holmes, 249 Ala. 545, 32 So.2d 39; Baker v. Bain, 237 Ala. 618, 188 So. 681. It is obvious from these decisions that the party having the right to contest is not bound to treat the original will and the codicils thereto as a unit for the purpose of contest either before or after probate. Therefore, the statement that might be made in other circumstances that the original instrument and the codicils constitute one will are of no aid in the present situation.

As we understand the argument, it is the contention that Paul M. Penney has estopped himself from exercising the right of contest by qualifying as coexecutor or by placing himself in the position as legatee or devisee in accepting the benefits accruing to such legatee or devisee. In other words the proposition is advanced that he has made an election and cannot now alter his course. There are, of course, situations such as that in Woodcock v. McDonald, 30 Ala. 411, in which it is stated that where a legatee seeks to set aside a will under which he has taken the safer practice would be "to restore the legacy to the executor or offer to do so before he institutes a proceeding to contest."

The case of Molander v. Anderson, 214 Ill.App. 446, involved a situation similar to the case at bar. There one of the legatees was named as executor and a beneficiary in the original will. A codicil diminished the interest which he would have taken under the original will but did not purport to remove him as executor. It seems that the Illinois statute was similar to the Alabama statute. The beneficiary qualified as executor and later contested the codicil only by bill in chancery. The contention was made that his qualifying as executor was consistent only with the position that the will and codicil were both valid and that he was estopped to contest the codicil. The court held that as it did not appear that by qualifying as executor he had placed himself or the other beneficiaries in a different position, he was not estopped from exercising his absolute right under the statute as a person interested in the estate to contest the codicil. See also Gaither v. Gaither, 23 Ga. 521, 72 A.L.R. pp. 1138-1139; 68 C. J. pp. 934-935.

We should return at this point to a consideration of the facts in the case at bar. The original will appointed Paul M. Penney and Birmingham Trust & Savings Co. (now Birmingham Trust National Bank) as executors. After making specific bequests the will left the decedent's property to the bank and to Paul M. Penney as trustees to distribute the income each month to the persons named in the will in the manner which has been hereinabove set forth. The first codicil made no change in that respect. The second codicil made the change which has been hereinabove set forth but no change was made in the delegation of the trust or in the personnel or character of the executors or trustees. There is no allegation however in the petition to remove that Paul M. Penney has received any sum or benefits which he would not receive if the second codicil should be held invalid. In other words if it be a sound doctrine that a person contesting a will must restore any benefits received, there is nothing to show that Paul M. Penney has received anything by virtue of the second codicil, which is the instrument attacked. If he has received nothing, there is nothing to restore.

We think it should be added that if one named as executor in the original will has good reason to believe that a codicil executed months or years thereafter was invalid because of unsoundness of mind of the testator or other undue influence exercised over him or for other considerations, it would be good faith and in keeping with his duty as executor to seek to have an instrument so procured set aside.

In Henderson v. Simmons, 33 Ala. 291, at pages 299 and 300, Justice Stone wrote:

"It is the privilege, if not the duty, of one named as executor of a paper purporting to be a last will and testament, to propound it for probate. If he have no knowledge or reasonable grounds on which to predicate a well grounded suspicion against the legality of the will, and propound the paper in good faith, he but carries out the intention with which he was appointed. Any reasonable costs and expenses incurred by him in the honest endeavor to give effect to the will, is a proper charge on the estate in his hands. Further, if he, after incurring such expenses, resign the trust without making payment, and receive no credit in his account for such expenses, a succeeding administrator, in the execution of the will, may pay such expenses, and charge the estate therewith.

"On the other hand, if the executor incur expenses in the fruitless attempt to establish a will, when there exist, within his knowledge, good grounds against its validity, a different rule prevails. This question, in a great degree, depends on the good faith with which the executor has acted. We lay down no absolute rule for the government of all cases, for each must, to a considerable extent, depend on its own circumstances."

In Mitchell v. Parker, 227 Ala. 676, 151 So. 842, 843, this court said, "We also think that prima facie the person named executor has the duty to prosecute the petition to probate against a contest." The court also said: "We think the best rule would be to impute good faith in the absence of a showing to the contrary." These expressions indicate that it is not an absolute duty on the part of an executor or one named as executor under all circumstances to prosecute a petition to probate or to repel an attack upon the will or a codicil thereof.

We are not satisfied that under the allegations of the petition the equity court has any broader powers than the probate court and in sustaining the demurrer and dismissing the petition, we think the court acted correctly.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.