133 So.2d 259

**Ruby E. BROOKS, Administratrix,**

v.

**Haskell BROOKS et al.**

**7 Div. 550.**

Supreme Court of Alabama.

Sept. 21, 1961.

Pilcher & Floyd and Rowan S. Bone, Gadsden, for appellant.

Beddow, Embry & Beddow and Fred Blanton, Birmingham, and Hobdy G. Rains, Gadsden, for appellees.

MERRILL, Justice.

The question presented is whether an appeal will lie from a decree overruling a demurrer to a petition, seeking the removal of the administratrix of an estate, after the administration had been removed to the circuit court.

Appellant was appointed administratrix of her deceased husband's estate. The estate was later removed from probate court to circuit court.

On December 9, 1960, the appellees petitioned the circuit court for the removal of appellant as administratrix of the estate, alleging those grounds required by the statute, Tit. 61, § 178, Code 1940. The petition was subsequently amended requesting the appointment of an administrator ad litem and prayed for a declaratory judgment as to the ownership of certain personal property which appellees had alleged as belonging to the estate, but which appellant claimed to own, and had omitted from her inventory filed in the proceeding.

We have held that a decree *sustaining* a demurrer to a petition for removal of an administrator or executor and dismissing the petition is a final decree and will sup-

port an appeal. Hollis v. Crittenden, 251 Ala. 320, 37 So.2d 193; Binford v. Penney, 255 Ala. 20, 49 So.2d 665. See Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60. But we have been cited to no case where an appeal was held to lie from a decree overruling a demurrer to a petition for removal of an administrator.

Appellant states in brief that the petition alleged "those grounds provided under the law for the removal of an administratrix." Our early case of Hubbard v. Smith, 45 Ala. 516, holds that such an application in writing, by appropriate parties and properly verified, and specifying a statutory ground for removal, is not subject to demurrer. But it is not necessary for this cause to be decided on that point.

We think the situation here is analogous to those presented in the following cases where the appeal was from a decree overruling demurrer to a petition in the administration of an estate: Ex parte Cabaniss, 235 Ala. 181, 178 So. 1, a petition for removal of guardian; Devane v. Smith, 216 Ala. 177, 112 So. 837, a petition to remove a guardian; Willingham v. Hood, 242 Ala. 686, 8 So. 181, a petition for attorney's fees; Hart v. Greet, 223 Ala. 34, 134 So. 658, a petition to require executors to give bond and file inventories. In each instance, it was held that no appeal is authorized by statute.

We have concluded that the decree appealed from is not an appealable order or decree within the statute authorizing appeals from certain interlocutory decrees. The appeal does not confer jurisdiction on this court to review the rulings questioned by the assignments of error. Hart v. Greet, 223 Ala. 34, 134 So. 658. The petition here cannot be construed as a bill in equity so as to come within the influence of Tit. 7, § 755, Code 1940. Devane v. Smith, 216 Ala. 177, 112 So. 837. The appeal is, therefore, dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.