# McGough *v.* McGough.

*Petition in Chancery for Custody of Children.*

1. *Petition by wife for custody of children on voluntary separation; should be filed in wife's own name.*—After the voluntary separation of a husband and wife, a petition filed by the wife asking for the custody and control of the children and to be given the superintendence of their education (Code, § 2536) should be filed by the wife in her own behalf and not by her next friend.

2. *Petition by wife for custody of children on voluntary separation; character of decree.*—In the proceeding instituted by the filing of a petition in the chancery court by one of the parties, after the voluntary separation of husband and wife, asking for the custody of the

[McGough v. McGough.]

children, a decree rendered in such case, while final in determining the present rights of the parties, should not be permanent, but should be temporary in its nature and effect, and left open to future control and modification by the court as subsequent conditions and circumstances might require.

APPEAL from the Law and Equity Court of Walker County.

Heard before the Hon. W. B. APPLING.

The proceedings in this case were had upon a petition filed by the appellee, Mattie McGough, by her next friend B. D. Cheatham, addressed to the judge of the Walker County Law and Equity Court, in which the petitioner averred that she and George McGough were married about 7 years ago and lived together as husband and wife until a short time before the filing of the petition, when they voluntarily separated; that there were two children born to the petitioner and George McGough, a girl about four years old and a boy one and half years old; that the petitioner was in possession of said children and had been since their separation; but that her husband was threatening to take said children from her; that the said George McGough was not a proper or suitable person to have the custody and control of the children and to superintend the education and raising of them; that he had an ungovernable temper, and frequently cursed, abused and violently mistreated the petitioner and the two children. The petitioner then averred that she was a suitable person to raise said children and superintend and direct their education and possessed the financial ability to care for them.

The prayer of the petition was that a decree be rendered, declaring that the petitioner should have the custody and control of said children, and that George McGough be forever restrained from in any way interfering with the petitioner in the custody, control and education of said chidren.

To this petition George McGough, the respondent, demurred, upon the ground that it was filed not by Mattie McGough, a married woman, in her own behalf, but was filed by her through her next friend, B. B. Cheatham.

This demurrer was overruled. The respondent filed his answer to the petition, in which he denied being an improper person to have the care and custody of such children and to superintend their education, and averred that the petitioner was not a fit person to have such custody, care and control of the children, by reason of her bad character.

On the submission of the cause on the pleadings and proof, the chancellor rendered a decree giving the petitioner the permanent custody and control of the children. It was further decreed that the respondent, George McGough, be forever restrained and enjoined from in any way interfering with the petitioner in the custody and control of said chidren. The respondent appeals, and assigns as error the decree overruling the demurrer to the petition, and also the decree granting the relief prayed for in the petition.

COLEMAN & BANKHEAD, and LEITH & SHERER, for appellant.—In a suit for the custody of children on a separation of the parents, the court by its decree cannot award the permanent custody of the children to either party. In such cases the children are the wards of the court, and as such are subject to its further orders; and a decree not recognizing this relationship cannot be sustained.—*Cornelious v. Cornelious,* 31 Ala. 479; *Goodrich v. Goodrich,* 44 Ala. 670; *Hoffman v. Hoffman,* 15 Ohio St. 427-435; *Minor v. Minor,* 11 Ill. 43; *McGill v. McGill,* 19 Fla. 341.

No counsel marked as appearing for appellee.

DOWDELL, J.—The statute provides that, "in all cases of voluntary separation between husband and wife, the court of chancry has power, on the *petition of either party* [italics ours], twenty days' notice thereof being given to the other, to permit either the father or mother to have the custody and control of the children, and to superintend and direct their education, having regard to the prudence, ability and fitness of the parents, and the age and sex of the children."—§ 2536 of Code of 1896.

Prior to the adoption of rule 15 of chancery practice contained in the Code of 1886, and which required bills and petitions by married women to be exhibited by next friend, in the case of *Bryan v. Bryan,* 34 Ala. 516, the petition was filed by the married woman in her own name, and not by a next friend, under the above statute, and it seems to have been then deemed properly filed, as no objection was raised. Rule 15 of chancery practice, which was subsequently adopted, in terms required all bills and petitions exhibited by married women to be filed by next friend, except when the suit related to their separate estate. This rule was left out of the Code of 1896, and in this manner was abolished or repealed. In view of all this, we are of the opinion that the petition should have been filed in the name of the petitioner, and not by next friend. On this ground the demurrer should have been sustained.

The decree in such cases, in awarding the custody of the children, while final in determining the present rights of the parties, should not be permanent, but temporary in its nature and effect. It should be left open to future control and modification by the court, as subsequent conditions and circumstances might require for the good of the children, who are considered, in a sense, the wards of the chancery court.

For the error in overruling the demurrer to the petition, the decree will be reversed and the cause remanded, and the petition, unless amended, should be dismissed.

Reversed and remanded.