# Rowe v. Buttram, et al.

### Proceedings to Set Apart Homestead Exemptions.

(Decided February 6, 1913.  61 South. 258.)

1. *Appeal and Error; Review; Necessity of Bill of Exceptions.*—Where the court took testimony on the question of fact whether the homestead set apart to the widow constituted all the real estate owned by her deceased husband in this state at the time of his death, on which depended whether or not the court will award her an estate for life or in fee under section 2071, Code 1896, the court's ruling on the admission and rejection of evidence and its decree awarding a life estate only, cannot be reviewed in the absence of a bill of exceptions showing such matters.

2. *Bills of Exceptions; Signing; Necessity.*—An instrument purporting to be a bill of exceptions but not signed by the presiding judge, cannot be considered as such.

APPEAL from Cleburne Probate Court.

Heard before Hon. A. H. GLASGOW.

Proceedings by Mary Rowe to have a homestead set apart out of the estate of her deceased husband to which Martha Buttram and others, were parties. From a decree awarding her a life estate only in said homestead petitioner appeals. Affirmed.

BARKER & STEPHENS, for appellant.  The paper purporting to be executed by Martha A. Rowe was void for all purposes, and could not be construed as a contract to convey, and hence, was improperly admitted. —Section 3355, Code 1907; *O'Neal v. T. C. I. & R. R. Co.*, 140 Ala. 378; *Stubbs v. Cohen*, 64 Ala. 186; *Henderson v. Kirkland*, 127 Ala. 185.  Mary Rowe was not incompetent to testify as to the execution of a deed to B. A. Rowe in his life by her husband, and that the report of the commissioners included all the land owned by decedent at the time of his death.—*Nolan v.*

*Doss,* 133 Ala. 262; *Boram v. Bell,* 132 Ala. 85; *Henry v. Hall,* 106 Ala. 84; *A. G. L. I. Co. v. Sledge,* 62 Ala. 566. The court was without authority under the facts in this case to set apart the homestead under section 4208, but should have set it aside under section 4224, Code 1907.

MERRILL & VANN, for appellee. There is no bill of exceptions in the record that can be considered and no error is assigned, and the judgment of the probate court should be affirmed.—*Tuscaloosa C. S. Co. v. Perry,* 85 Ala. 158; *McNeal v. Kyle,* 86 Ala. 338.

SAYRE, J.—This is an appeal from an order or decree of the probate court setting apart to a widow her homestead exemption. The objection taken to the order or decree is that it awarded to appellant a life estate in the homestead, rather than an estate in fee absolute. If we could look to the record proper of the proceedings, which appear only as a part of what purports to be a bill of exceptions, we would be informed of the fact that appellant's husband, the deceased owner of the premises, died in the year 1904, and so after the pertinent part of the act of December 13, 1892 (Acts 1892-93, p. 138), had been carried forward into sec. 2071 of the Code of 1896 with material change of its meaning and effect.—*Jones v. Stokes,* 179 Ala. 579, 60 South. 280.

In the case thus presented to the probate court the extent of the widow's interest in the homestead was to be determined according to the Code of 1896, and depended upon the question whether the homestead set apart to her constituted all the real estate owned in this state by the decedent at the time of his death. This was a question of fact upon which the court heard testimony, and the correctness of the court's rulings in ad-

mitting and rejecting evidence as well as the propriety of the decree rendered can only be reviewd by a bill of exceptions. But what purports to be a bill of exceptions does not appear to have been signed by the presiding judge. We cannot therefore consider the errors alleged, and the decree must be affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.