# Waddell *v.* The State.

### Assault with Intent.

(Decided April 3, 1917.   74 South. 726.)

**Bills of Exceptions; Signing; Statute.**—Under § 3019, Code 1907, a purported bill of exceptions presented to the trial judge within the time required, but never signed by him at any time, must be stricken on motion of the state, or of the appellee.

APPEAL from Elmore County Court.

Heard before Hon. GASTON GUNTER.

Coy Waddell was convicted of assault with intent to murder and he appeals. Affirmed.

FRANK W. LULL, for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

[Ward v. The State.]

BRICKEN, J.—The appellant was tried and convicted of assault with intent to murder. The bill of exceptions in this case was not signed by the trial judge as required by law (Code 1907, § 3019), and therefore cannot be considered by this court. Section 3019 of the Code 1907 provides that bills of exception may be presented at any time within 90 days from the day on which the judgment is entered, and not afterwards. The judge must indorse thereon and as a part of the bill the true date of presenting; and the bill of exceptions must, if correct, be signed by him within 90 days thereafter. In this case, what purports to be a bill of exceptions was presented within the time prescribed by law and was so indorsed by the trial judge; but the bill of exceptions was never signed by the judge at any time, and therefore must be stricken on request of the state.

As the errors insisted upon on this appeal are raised only by the alleged bill of exceptions, they are not before us for review. There appearing no error in the record, the judgment of the lower court is affirmed.—*Box, et al. v. South. Ry. Co.*, 184 Ala. 600, 64 South. 69; *Hartselle & Co. v. Wilhite, et al.*, 3 Ala. App. 612, 57 South. 129.

Affirmed.