(81 South. 689)

HAGIN v. COHEN. (7 Div. 575.)

(Court of Appeals of Alabama. May 6, 1919.)

EXCEPTIONS, BILL OF ⚖=56(4)—SIGNING—INDORSEMENT.

Though the bill of exceptions bore indorsements by the trial judge reciting that it was presented to him for signature, such indorsements did not establish a signing of the bill of exceptions, as required by Code 1907, § 3019, so the document cannot be considered as bill of exceptions on appeal; there being no other signature of the judge.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Action by T. B. Cohen against J. T. Hagin. From a judgment for plaintiff, defendant appeals. Affirmed.

O. B. Roper, of Gadsden, for appellant.
Goodhue & Brindley, of Gadsden, for appellee.

BRICKEN, J. An affirmance of the judgment in this case must be ordered, as the purported bill of exceptions does not bear the necessary indorsement that it was signed by the judge who tried the case.

The following indorsements by the judge are shown:

"Comes now the defendant and presents this his bill of exceptions and asks that the same be signed according to the law for presentation to the Court of Appeals at the next term thereof. This the 6th day of July, 1918. J. E. Blackwood, Judge."

"The above bill of exceptions was presented to me on this the 6th day of July, 1918. J. E. Blackwood, Judge."

Both of these indorsements show simply the presentation to the trial judge. But nei-

ther of the indorsements shows the signing of the bill of exceptions as required by section 3019 of the Code of 1907. We are therefore without authority to consider the so-called bill of exceptions; for, in the absence of the signature of the presiding judge, it is in fact no bill of exceptions. Waddell v. State, 15 Ala. App. 597, 74 South. 726.

The assignments of error are based principally upon rulings of the court as shown by the bill of exceptions. Other rulings of the court assigned as error have been examined, but no error is shown prejudicial to the substantial rights of appellant.

The judgment of the lower court is affirmed.

Affirmed.