(94 South. 785)
## PRICE v. STATE.  (1 Div. 468.)

(Court of Appeals of Alabama. Dec. 19, 1922.)

1. **Criminal law ⟨⟩1092(8)—Bill not presented or filed till 91 days after judgment not considered.**

Under Code 1907, § 3019, and section 3022, as amended by Gen. Acts 1915, p. 816, requiring that bills of exception be presented to the trial judge or filed with the clerk within 90 days from date judgment was entered, where judgment was entered October 26, 1921, and a bill of exceptions filed January 25, 1922, 91 days having elapsed, the bill cannot be considered on appeal.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Criminal law** ⚖1112 — **Clerk's statement that bill of exceptions filed within time accorded by law mere conclusion.**

Indorsement by the clerk that a bill of exceptions was presented and filed within the time accorded by law was a mere conclusion, and, where the contrary appears, the bill cannot be considered.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Herbert Price was convicted of grand larceny, and he appeals. Affirmed.

Granade & Granade, of Chatom, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This defendant, together with another, was indicted for the offense of grand larceny, the indictment charging that the defendants feloniously took and carried away two horses the personal property of E. R. Carr, etc.

Herbert Price, this appellant, demanded, and was granted, a severance. He was tried and convicted as charged, and judgment accordingly was pronounced against him on October 26, 1921.

The purported bill of exceptions bears the following indorsement as to its presentation:

"Hon. Ben D. Turner, the presiding judge, being absent from the county in Bessemer, Ala., this bill of exceptions is presented and filed with me this date within the time accorded by law.
"Chatom, Alabama, January 25, 1922.
"W. H. Harris, Clerk."

In order to invest this court with jurisdiction to consider a bill of exceptions, it is mandatory, under the statute, that it must affirmatively appear on the bill of exceptions that it was presented within 90 days from the day on which judgment in the case was entered in the lower court. Section 3019 of the Code 1907.

If the judge before whom the cause is tried is available, the bill of exceptions should be presented to him. But, if such judge dies, resigns, is removed from office, or is out of the state, or out of the county in which the cause was tried (as appears here), or if from sickness he is unable to accept presentation, or if his term of office expires before the bill is presented within the 90 days, it, the bill of exceptions may be filed with the clerk of the court where the case was tried. Section 3022 of the Code 1907, as amended by General Acts 1915, p. 816. But in either event, whether presented to the trial judge or filed with the clerk of the court, such presentation or filing must be within 90 days from the day on which the judgment appealed from is entered, and not afterwards.

[1, 2] In the instant case no such presentation is shown. As hereinabove stated, the judgment was entered on October 26, 1921, and the presentation or filing with the clerk of the bill of exceptions was on January 25, 1922, which shows affirmatively that the bill of exceptions was not presented to the trial judge, or filed with the clerk within the 90 days as required, but that 91 days had elapsed before the bill was presented or filed. Rice v. Beavers & Co., 196 Ala. 355, 71 South. 659.

The mere fact that the clerk of the court certifies "that the bill of exceptions is presented and filed within the time accorded by law" cannot be considered. Hagin v. Cohen, 17 Ala. App. 52, 81 South. 689. This statement is a mere conclusion upon the part of the clerk, and the contrary affirmatively appears. The indorsement clearly shows a noncompliance with the statutory requirement, and this being jurisdictional, as has many times been held, this court of necessity, ex mero motu, must leave out of consideration the purported bill of exceptions contained in the transcript and must consider this appeal upon the record proper only. Williams v. State, 205 Ala. 76, 87 South. 530, and cases cited.

An examination of the record fails to disclose any error. The proceedings appear regular in all respects. It follows, therefore, that the judgment of conviction appealed from must be, and the same is, hereby affirmed.

Affirmed.