24 So.2d 421

**Ex parte BATES et al.**

**6 Div. 408.**

Supreme Court of Alabama.

Nov. 23, 1945.

Rehearing Denied Jan. 31, 1946.

Grady Reynolds and Reynolds & Reynolds, all of Clanton, for petitioners.

J. B. Atkinson, of Clanton, for respondent.

392

THOMAS, Justice.

A petition for writ of prohibition was presented to this court in the above stated cause to prevent the Hon. George Lewis Bailes from assuming jurisdiction to hear and determine a petition for a writ of habeas corpus, involving the custody of Frances Elizabeth Bates, a child, about two years of age.

On September 7, 1945, Juanita Lester Bates, the mother of said child, filed on the law side of the Circuit Court of Jefferson County, Ala., a petition addressed "to the Hon. Judges of the Circuit Court for the Tenth Judicial Circuit of the State of Alabama," at Birmingham. This petition sought the custody and control of the child, Frances Elizabeth Bates; alleged that for the past ten months the child has been in the custody and control of the paternal grandparents, Mr. and Mrs. D. H. Bates, at Maplesville, in Chilton County, Alabama; averred that petitioner is a resident of Jefferson County, and that the child was being restrained of its liberty in Chilton County by the paternal grandparents. This petition was on September 7, 1945, presented to the Hon. George Lewis Bailes, and he signed the usual writ of habeas corpus, directed to Mr. and Mrs. D. H. Bates,

at Maplesville, in Chilton County. This writ bears the endorsement, "Filed in office, September 7th, 1945. O. L. Andrew, Clerk." The clerk of the circuit court upon the filing of the writ in his office directed the execution of the writ on Mr. and Mrs. Bates by any sheriff of the State of Alabama.

On the 28th day of September, 1945, as directed in the writ, the paternal grandparents, Mr. and Mrs. D. H. Bates, appeared specially before the Hon. George Lewis Bailes, and filed a plea to the jurisdiction of the said Judge to hear and determine the petition for a writ of habeas corpus. This plea in substance sets up that the child was never in the custody and control of the respondents in Jefferson County, Ala., and that they never, at any time, resided in Jefferson County, Ala., but that if said child was at any time restrained of its liberty, it was in Chilton County, Ala., and at no time in Jefferson County. This plea was filed in the office of O. L. Andrews, Clerk of the Circuit Court of Jefferson County. Upon the filing of this plea, the attorney representing petitioner filed in the office of the circuit clerk a motion to strike the plea.

The Hon. George Lewis Bailes, upon consideration of said plea, granted the motion to strike the plea and held the plea insufficient. Thereupon judgment was entered on the law side of said circuit court and in the office of the clerk thereof in accordance with the judgment of the court in the following words: "Therefore, it is the order and judgment of the Court that the motion to strike plea to the jurisdiction be and the same is hereby granted, and said plea to jurisdiction is overruled."

Upon disposal of the plea, the court then set October 12, 1945, to hear the petition for writ of habeas corpus on its merits. The respondents in said petition, Mr. and Mrs. D. H. Bates, then applied for a writ of prohibition to this court to prevent the said Judge from proceeding further in said cause.

The Hon. George Lewis Bailes filed his return to rule nisi. The issue injected in the proceeding is that on Sept. 7, 1945, Juanita Lester Bates, the mother of the child, filed in the Circuit Court of Jefferson County, Ala., a bill for divorce from her husband, and for the custody of this same child. This bill alleges that the separation occurred in Jefferson County, Ala., on July 18, 1945, and averred that the fa-

ther, Norman Monroe Bates, is a resident of Jefferson County, Ala., and is not a suitable and fit person to have the care, custody and control of said child. Judge Bailes in his answer takes the position that having assumed jurisdiction in the divorce proceeding, that this gave him jurisdiction to hear and determine the writ of habeas corpus directed to the petitioners in this cause.

There is no dispute relative to the facts presented by the petition for rule nisi nor in the return made by Judge Bailes. The petitioners contend that notwithstanding the filing of the bill for divorce on the same date as the petition for writ of habeas corpus, that Judge Bailes had no jurisdiction to hear and determine the writ of habeas corpus directed to residents of Chilton County where the child is allegedly detained.

■ There are several propositions of law entering into this contention which we will consider. Any matter affecting a child may become a subject of chancery jurisdiction and it is immaterial whether that jurisdiction is invoked by bill, petition or application for habeas corpus. State v. Black, 239 Ala. 644, 196 So. 713; Ex parte White, 245 Ala. 212, 16 So.2d 500; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Thomas v. Thomas, 212 Ala. 85, 101 So. 738; Woodruff v. Conley, 50 Ala. 304.

■ Chancery Court has authority to direct or to remove trustees and when the estate is property of an infant he becomes ward of court, and court may of its own motion institute protective proceeding. Ex parte Cabaniss, 235 Ala. 181, 178 So. 1.

The domicile of Juanita Lester Bates, the plaintiff in the divorce suit and petitioner in writ of habeas corpus, is also the domicile of the child involved in this proceeding. 28 C.J.S., Domicile, § 12, pages 21 and 22, note 39.

In Moss v. Ingram, 246 Ala. 214, 20 So. 2d 202, it is held that the "Domicile of divorced mother to whom custody of minor child was granted was domicile of her mother child in determining right to custody thereof."

Code 1940, Tit. 13, § 156 provides that. "Whenever it shall appear to any court of law or equity that any cause filed therein should have been brought in another court of like jurisdiction in the same county, the court shall make an order transferring the cause to the proper court and the clerk or register shall forthwith certify the pleadings, process, costs and order to the court to which the cause is transferred, and the cause shall be docketed and proceed in the court to which it is transferred and the costs accrued in the court in which the cause was originally filed shall abide by the result of the suit in the court to which transferred."

In Hayes v. Hayes, 192 Ala. 280, 68 So. 351, 353, after quoting from McGough v. McGough, 136 Ala. 170, 33 So. 860, the court observed: "A reading of the authorities demonstrates that, a court of chancery once in a proper proceeding having acquired jurisdiction over an infant as to his custody and control, such infant becomes the ward of the court, and it is, in a sense, a continuous jurisdiction; the welfare of the child being the question of paramount importance, the parties to the suit being of secondary consideration. Being mindful of these principles, the chancellor in each decree rendered was careful to leave the question of the care and custody of the child open for future consideration, and the order of July 10th itself discloses that the change of custody was made 'until the further orders of the court.' That, a chancellor once having acquired jurisdiction over the person of the infant, it thereby becomes the ward of the court, and he may, in vacation, make such order or decree in regard thereto as in his sound judgment or discretion the welfare of the child might dictate, is, it would seem, clear; and also it appears here that the orders made were of an interlocutory nature; and such orders, no appeal from which has been provided by statute, may be reviewed by mandamus proceedings, but not such as will support an appeal. Brady v. Brady, 144 Ala. 414, 39 So. 237. The question is to be here treated as a jurisdictional one. Sim's Ch. Pr. § 481."

In Wilbourne et al. v. Mann et al., 203 Ala. 26, 81 So. 816, 817, it was said: "Act September 28, 1915, p. 830, 'to further regulate the practice and proceedings in the disposition of cases improperly brought as suits in equity or in the improper court, and to prescribe the manner of disposing of suits at law when an equitable question arises therein,' made ample provision for the transfer, by the court ex mero motu, or on motion of the parties, of causes improperly docketed in the law side of the court when an equitable question is presented, or in the equity side of the court when the matter for decision is for disposi-

tion of the law side of the court. The very purpose of the act was to avoid the bar of the statute of limitations by such improper filing or docketing of a cause, and that the same may proceed to a hearing at law or in equity, as the case should require, *without the delay and expense of bringing new suits or of being barred by statutes of limitations.* * * *" [Italics supplied.]

The bill filed by Juanita Lester Bates in the Circuit Court of Jefferson County, Ala., for a divorce and custody of the child involved disclosed that she, as the mother, and Norman Bates, as the father of said child, resided or were domiciled in Jefferson County, and that their separation took place therein. Such facts established the domicile of the child involved to be in Jefferson County and the divorce bill further disclosed that Norman Bates, the father, was not a suitable and fit person to have the custody, care and control of the child. These facts were known to Judge Bailes when he issued the writ of habeas corpus upon a sworn petition.

Code 1940, Tit. 13, § 151 provides as follows: "Whenever it shall satisfactorily appear to a judge who is presiding in the law side of the court that a cause set for hearing before him presents an equitable question, the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court, the judge may upon his own motion, enter a judgment or order transferring such cause from the law side of the court to the equity side of the court, and the same shall be docketed therein and proceed in the equity side."

Upon the filing of the divorce proceeding, the Circuit Court of Jefferson County, Ala., took jurisdiction of the child as its ward and Judge Bailes, in issuing the writ of habeas corpus was within his jurisdiction so that he might bring said child before him and inquire into its alleged illegal restraint and it is immaterial whether the writ of habeas corpus was filed in the office of the clerk or that of the register of said court.

In Ex parte Burch, 236 Ala. 662, 184 So. 694, 696, writ of prohibition is defined as follows: "Prohibition is not only an extraordinary, but a drastic writ, which is to be employed with great caution, for the promotion of justice and to secure order and regularity in judicial proceedings, 'and should be issued only in cases of extreme necessity.' It is not a favored writ, and can be invoked only in cases where the party complaining has no other adequate remedy. * * *"

We have indicated the pleading and hearing available leading to a consolidation of causes so as to bring all parties in interest before the court, and to deal with the child according to its best interest, having due regard for the rights of parents and grandparents in the premises. Ex parte White, 245 Ala. 212, 16 So.2d 500.

In Anderson v. Anderson, 74 W.Va. 124, 126, 81 S.E. 706, 707, it was said: "That the children may not have been within the jurisdiction of the court at the time of the institution of the suit or entry of the decree is immaterial, since the parties litigant were the father and mother, and the cause of action, the right of custody, in so far as it affected the children, was between them, and the court had full jurisdiction over them with power to render a personal decree. Webb v. Ritter, 60 W.Va. 193, 234, 54 S.E. 484." See also 19 C.J. p. 366, § 831; 27 C.J.S., Divorce, § 329. There is analogy in the result as to jurisdiction to be found in Knowles et al. v. Knowles, 246 Ala. 228, 20 So.2d 200.

It follows from the foregoing that the writ of prohibition should be and it is hereby denied.

Writ denied.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.

On Rehearing.

PER CURIAM.
Application overruled.

GARDNER, C. J., and FOSTER, LAWSON, and STAKELY, JJ., concur.