42 So.2d 484

### LYNN et al. v. WRIGHT.

4 Div. 64.

Court of Appeals of Alabama.

Nov. 16, 1948.

Rehearing Denied Jan. 11, 1949.

Affirmed After Remandment May 3, 1949.

Rehearing Denied June 21, 1949.

A. L. Patterson and W. R. Belcher, of Phenix City, for appellee.

**HARWOOD, Judge.**

The matter now before this court is an attempted appeal from a judgment of the lower court in a habeas corpus proceedings relating to the custody of a minor child.

Appeals in habeas corpus cases are provided for by Section 369, Title 15, Code of Alabama 1940, and must be made in compliance therewith. State v. Whitlock, 32 Ala.App. 560, 28 So.2d 172.

Among other things, Section 369, supra, provides that:

"The clerk of the court from which such appeal is taken shall, within thirty days from the date of such judgment, forward a transcript of the record and certificate of appeal to the supreme court or court of appeals, together with a statement of the evidence and the judge's ruling thereon, *all certified to be correct by the judge or officer hearing the petition.*" (Italics ours.)

J. W. Brassell, of Phenix City, for appellants.

The record now before us contains no authentication by the judge hearing the case below.

Other than Grissett v. City of Birmingham, 27 Ala.App. 555, 176 So. 317, we have found no Alabama cases dealing specifically with the effect on the appeal of a habeas corpus case where the record is unauthenticated as required by the Statute.

However in Kerley v. Vann, 52 Ala. 7, a bill of exception had not been signed by the judge as required by Statutes then governing such matters. Counsel for both parties agreed in writing that the intended bill of exceptions might be treated as signed. Our Supreme Court held that the writing considered as a bill of exceptions was not such, and that the agreement of counsel could not impart validity to it.

Again in Rowe v. Buttram et al., 180 Ala. 456, 61 So. 258, the Supreme Court held that it could not consider the errors alleged because what purported to be a bill of exceptions did not appear to have been signed by the judge presiding in the proceedings below.

This court has likewise held that in the absence of the signature of the presiding judge we were without authority to consider a so called bill of exceptions, as lacking such signature the papers were in fact no bill of exceptions. Hagin v. Cohen, 17 Ala.App. 52, 81 So. 689. See also Waddell v. State, 15 Ala.App. 597, 74 So. 726.

While we of course realize that bills of exceptions have been abolished, the principles governing their validity should by analogy be applicable to transcripts of the record in habeas corpus proceedings, since the Statutes applicable required, or require each to be certified by the judge presiding.

In Grissett v. City of Birmingham, mentioned above, the appeal was from a judgment entered in a habeas corpus proceeding. The record had not been certified by the judge hearing the case as required by Statute. This court, through Samford, Judge, held that in the absence of such judicial certification this court will presume that there were sufficient facts before the judge below, not included in the transcript, to justify his decision. The judg-

ment of the lower court was therefore affirmed.

It would appear that an order of dismissal would have been more appropriate than an order of affirmance, though the end results were the same under either a dismissal or an affirmance.

The heavy majority of the courts of our sister states have taken the view that where the judge hearing the cause fails to comply with statutory provisions requiring his signature to the bill of exceptions, the case made, or the transcript, such documents cannot be considered on appeal. See 30 A.L.R. page 721.

It cannot be reasonably asserted that the non-verification of the record in a case of this nature is a mere formal irregularity. Dealing with our very liberties, no writ is of greater importance than the writ of habeas corpus. The record of the proceedings determining its issuance or denial are of like importance. The legislature has seen fit to require that all the papers forwarded on appeal in such cases be certified as correct by the judge or officer hearing the petition. It is the judge's signed certification of correctness that gives verity to such records. Without such certification the purported record is a nullity, merely a collection of written pages. No jurisdiction is created by filing papers of such nature. We therefore conclude there is nothing before us for consideration and that this appeal must be dismissed. It is so ordered.

Appeal dismissed.

### After Remandment.

The Supreme Court having held that we erred in concluding that this appeal should be dismissed because of the nonverification of the record, reversed and remanded the cause to us for further consideration.

Therefore, the matter yet before us is the appeal from a judgment and decree of the lower court rendered in a habeas corpus proceedings to determine the custody of a minor child.

In the proceedings below Mrs. Allie Mae Lynn Wright, the mother of the child, a boy about four years of age, was the peti-

tioner. For convenience she will hereinafter be referred to as the petitioner, though in this appeal she is the appellee.

The respondents below were the father, Claud J. Lynn, who was the former husband of the petitioner, and his mother, Mrs. Laura Lynn, the paternal grandmother of the child.

In the hearing below the petitioner introduced evidence tending to show that she and the respondent Claud J. Lynn were formerly married, and that a son was born of this marriage. The couple seemed to have led a peripatetic existence, living for short periods in first one place and then another. The marriage was a failure. The petitioner and the child went to live in the home of the paternal grandparents, the grandmother, as before stated, being one of the respondents. The petitioner found it necessary, because of her health, or so she alleges, to return to her parents' home. She left the child with the respondent grandmother, she claims on a temporary basis.

In April, 1945, the petitioner filed a bill for divorce against Claud Lynn in the Criminal District Court of Jefferson County, Texas. A copy of this petition was received in evidence. Petitioner alleged she was a resident of Texas at this time, and had been for six months prior to the filing of the bill. No reference is made in this bill to the place of residence of Claud J. Lynn.

Paragraph IV of the divorce bill is to the following effect: "There was born to this union one child, and the child is now in the custody of defendant's mother in Russell County, Alabama. Plaintiff and defendant have agreed that the custody of the minor child will not be disturbed."

In the divorce proceedings Claud Lynn filed waiver of service of citation, and did not appear at the hearing.

After hearing plaintiff's evidence the Criminal District Court awarded a decree of divorce in her favor. This decree contains the following paragraph: "Custody of minor Claud J. Lynn, Jr. awarded Mrs. Laura Lynn."

We note here that the evidence introduced in the trial below of the present case, shows that about a month before the rendition of the divorce decree by the Texas court, a habeas corpus proceedings to determine the custody of the child had been held in Russell County, Alabama, before Hon. J. S. Williams, Judge of the Circuit Court of Russell County, Alabama, and a decree rendered awarding the custody of Claud J. Lynn, Jr., to Mrs. Laura Lynn.

In the present case, in the hearing below the petitioner introduced some evidence directed toward showing that the respondent Claud J. Lynn was a heavy drinker, and in other ways unsuited to have custody of his son, and also that the home of the paternal grandparents was not an entirely wholesome environment in which to rear the child. We see no need of detailing this evidence but pass it with the remark that an abundance of evidence was introduced by the respondents to the effect that the paternal grandparents had been devoted to the child since it had been in their custody, and that their home was in every way suitable for the rearing of a child.

The petitioner's evidence further tended to show that after her divorce she married Mr. H. N. Wright. One child has been born of this union. The Wrights live in Memphis, Tennessee, in a comfortable home near schools and churches. Mr. Wright is permanently employed in a civil service job, and earns $280 per month. Many witnesses for the petitioner testified as to her excellent character and suitability as a mother. We also note that, with the exception of respondent Claud J. Lynn, practically every witness that testified, even for the respondents, attested to petitioner's excellent character and behavior.

The respondents' testimony was directed largely toward answering the implications raised by petitioner's evidence as to the misconduct of Claud J. Lynn, and his resulting unsuitability to have custody of the child, and also toward positively showing the suitability of continuing the custody of the child in Mrs. Laura Lynn, where it has been since left there upon departure of petitioner.

The respondent's evidence further tends to show that both paternal grandparents have been kind and affectionate to the child. Their home is 16 miles from Phenix City, and according to many witnesses is a prosperous farm home, in which the child would enjoy a healthy, happy and well directed upbringing.

Upon completion of the hearing the lower court entered a judgment, the pertinent portions of which are as follows:

"This cause coming on to be heard is submitted on the pleadings and proof taken in open court ore tenus, and the court having heard and considered the same, is of the opinion that the Complainant, Mrs. Allie Mae Lynn Wright, and the Respondents, C. J. Lynn and Mrs. Laura Lynn, the grandmother of the child are good people and insofar as their character and integrity are concerned, the court is of the opinion that either of them would provide the child with a good home, and that they are able to do so. However, the court feels that the mother should have the care and custody of said child, it being of tender years, at least a major portion of each year; and particularly during the time that it is in school; and that the Respondent C. J. Lynn should be allowed to have the care and custody of said child during vacation and at such time when he is not in attendance at school, which is a period of about three months each year. And, whereas, the Complainant or Petitioner in this cause is a non-resident of the State of Alabama and is living in Memphis, Tennessee, the court is of the opinion that a bond should be required of the Complainant to guarantee the appearance of said child of said Complainant at this court at any time she may be required so to do and to have said child present for the further orders of this court; and that a bond in the sum of $1,000.00 is not unreasonable to guarantee the presence of said child and to insure that said child would (be) available to the Respondents at such times as the court finds the said Claude J. Lynn, the father of said child, should have its custody and enjoy its presence and live with it.

"It is therefore ordered, adjudged and decreed by the court:

"(a) That the custody of said child, C. J. Lynn, Jr., is awarded to the mother, the Complainant in said cause, during the school term each year from September until May, or at such time in May as the school term may end where said child may be in attendance; and that during the summer months said child shall be permitted to live with and be in the care and custody of its father, Claude J. Lynn. The grandmother, Mrs. Laura Lynn living near to and being near the same community with her son, Claude J. Lynn, the court feels she will be permitted to visit with and have the love and affection of said child, and the court makes no provision for her specifically to have the care and custody of the child during any part of the year by reason thereof.

"(b) That pending the time that said child shall arrive at school age, which the court finds to be approximately seven years of age, that the custody and care of said child shall be awarded equally to the Complainant and Respondent. The Complainant shall have custody of the child for the first six months beginning as of the date of this judgment.

"(c) That the Complainant, before taking the said Claude J. Lynn, Jr., from the bounds of this state shall make a bond with good and sufficient sureties to be approved by the Register of this court. The bond will be in the sum of $1,000.00, and will be for the benefit of anybody who may be injured by the failure of the complainant to comply with the terms of this decree."

The principles pertaining to the award of custody of children are too well understood to require restating here.

After a careful consideration of all the facts shown by the record, it is our conclusion that these facts fully justify the decree of the lower court, which had before it the witnesses. Its judgment has the effect of a verdict of a jury. Under the facts disclosed we cannot say that the conclusions of the lower court, as evidenced by its decree were wrong or unjust.

Appellant's counsel however strenuously argues that this judgment and decree must be reversed because of the lower court's failure to give full faith and credit to the

decree of the Texas court awarding custody of the child to Mrs. Laura Lynn, particularly after petitioner here had invoked the jurisdiction of the Texas court.

These contentions, in our opinion, are without merit.

■ It is clearly inferable from the record that the domicile of Claud J. Lynn, the father, was in Alabama. Although he left Alabama at times, there is nothing in the record to indicate that his Alabama domicile was abandoned. For many years, the child Claud J. Lynn, Jr., had lived with its grandparents in Russell County, Alabama. It must be concluded therefore that the domicile of the child was that of its father, i.e. Alabama. This conclusion is further fortified by the necessary presumption that where there is a contingency which would make the ruling of the inferior court correct, such contingency will be presumed, the contrary not appearing of record. Wynn v. Simmons, 33 Ala. 272; Phillips v. Peteet, 35 Ala. 696.

The following statement of the law, well supported by authorities, is found in Beale, The Conflict of Laws, Vol. II, Sec. 144.3:

"Since custody of a child by one parent carries with it domicil and a domestic status, jurisdiction to give the child to one parent or the other" (and to any other person we interpolate) "depends in principle on the domicil of the child, and a state which is the temporary residence, not the domicil, cannot confer the right to custody. A fortiori a decree for custody, rendered in a state where the child is neither resident or domiciled is void for lack of jurisdiction."

■■ The Texas decree attempting to award custody of the child was void for lack of jurisdiction. It is clear from this record that the child, Claud J. Lynn, Jr., was not present in Texas at the time of the divorce proceedings, and it is inferable that he has never been in that state. While it is true that when the court of a sister state, *having jurisdiction* has made an award of custody of a child, the facts upon which the award was made will not be reexamined

in a second state, and the decree will be accorded full faith and credit. Burns v. Shapley, 16 Ala.App. 297, 77 So. 447. However this estoppel extends only to conditions existing at the time of the decree, and a second court, having jurisdiction, may examine into facts showing changed conditions and make its decree in the best interest of the child in the light of conditions present at the time of the later hearing. This situation has led one court to remark: "It follows that the recognition extraterritorially which custody orders will receive or can command is liable to be more theoretical than of great practical consequence." Morrill v. Morrill, 83 Conn. 479, 77 A. 1, 6; See also Gaunt v. Gaunt, 160 Okl. 195, 16 P.2d 579; Ex parte Leu, 240 Mich. 240, 215 N.W. 384; Myuius v. Cargill, 19 N.M. 278, 142 P. 918, L.R.A.1915 B, 154, Ann.Cas.1916B, 941; Goodrich, Conflict of Laws, 2nd. Ed. Sec. 132.

■ It is further inferable from this record that about a month prior to the rendition of the Texas decree the Circuit Court of Russell County, in a habeas corpus proceedings pertaining to the custody of Claud J. Lynn, Jr., had entered a decree relative to his custody. The child was domiciled in Alabama, and so far as shown by the record, had never been in Texas. Clearly the Circuit Court of Russell County was clothed with jurisdiction in the matter. Having exercised this jurisdiction over the person of Claud J. Lynn, Jr., the child became a ward of the court, under a continuing jurisdiction. Ex parte Bates, 247 Ala. 391, 24 So.2d 421; McGough v. McGough, 136 Ala. 170, 33 So. 860.

The Texas court improperly assumed jurisdiction in attempting to pass on the custody of Claud J. Lynn, Jr., in the divorce proceeding in that state. Cf. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580. Its attempt to do so was abortive. Certainly, the action of the Texas court could in no wise effect the continuing vested jurisdiction of the Circuit Court of Russell County, Alabama.

It is our opinion that this cause is due to be affirmed, and it is so ordered.

Affirmed.

BRICKEN, P. J., not sitting.